

**KAELYN E. GUSTAFSON**
kgustafson@fklaw.com
212.833.1169

March 27, 2026

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: *Robert Bosch GmbH, et al. v. the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A*, No. 1:26-cv-02212 (GHW)

Dear Judge Woods:

This firm is local counsel representing Premium Wholesale Parts, Ltd. d/b/a A-Premium ("Premium Parts"), whom we have been advised by Amazon.com, Inc. ("Amazon") is a named defendant in the above-captioned matter. We along with co-counsel Aaron P. Bradford and Samantha Picans of the law firm Taft Stettinius & Hollister LLP (*pro hac vice* motions forthcoming), write, pursuant to Parts I(A) and I(E) of Your Honor's Individual Rules of Practice in Civil Cases ("Individual Rules"), in response to the Letter Motion filed by plaintiffs Robert Bosch GmbH and Robert Bosch LLC ("Plaintiffs"), seeking an extension of the Temporary Restraining Order ("TRO") entered by the Court on March 20, 2026 (Dkt. No. 16) and requesting that the Show Cause Hearing for a Preliminary Injunction, currently scheduled for April 2, 2026, be adjourned to April 17, 2026 (the "Letter Motion"). For the reasons set forth below, we respectfully request that the Court deny the Plaintiffs' Letter Motion with respect to Premium Parts.

By way of brief background, while Premium Parts recognizes the struggle that Plaintiffs can face with Amazon storefronts that are difficult to contact or shut down and pop up as new ones, Premium Parts is not one of those parties. Premium Parts is a U.S. company that has been in operation for several years under the same Amazon storefront, with nearly 100,000 reviews on Amazon. It follows Amazon's rules and requirements to the letter and seeks to maintain a good relationship with Amazon. It has an independent website, a-premium.com, that has also been in operation for several years. The website provides contact information, including an email, toll-free phone number, and live chat. It is not attempting to hide or avoid contact.

On March 24, 2026, after the Court issued its TRO, Amazon removed one of Premium Parts' product listings for a hydraulic power break booster, indicating that an issue had been

raised. The product listing that was removed used "Hydro-Boost" to describe the brake booster. Premium Parts did not know HYDRO-BOOST is a mark owned by Bosch or anyone else. It is a commonly used descriptor for this product. Regardless, Premium Parts has removed "Hydro-Boost" from that product listing, as well as other product listings it identified on its own. Premium Parts will not use "Hydro-Boost" in any listing moving forward.

At no point did any listing by Premium Parts use a word mark that contained BOSCH. Premium Parts respects other companies' intellectual property.

Counsel for Premium Parts (Mr. Bradford) immediately contacted Plaintiffs' counsel on Tuesday, March 24, 2026, requesting to speak the same day to facilitate a swift resolution. Counsel for Plaintiffs acknowledged receipt of said email. However, despite reaching out again on March 26 and 27, 2026, we have received no further communications from counsel for Plaintiffs.

Aside from removing a product listing, Amazon is also holding all of Premium Parts' receivables, not just the receivables tied to this product listing. As a long-standing, well-established Amazon storefront, Premium Parts' receivables are quite high. Currently the amount of receivables being held is over $10 million, representing only 5-10 days of sales. Every day that the TRO remains in effect will cause damage to Premium Parts. In light of the significant detriment to Premium Parts, we respectfully request that the hearing currently scheduled for April 2, 2026 ***not*** be continued to April 17, 2026. While such continuation may be appropriate for defendants against whom the Plaintiffs have not been able to effectuate the TRO, it is not appropriate as to Premium Parts.

As will be set forth more fully in Premium Part's response to the Court's order to show cause (Dkt. No. 16), the lifetime total amount of revenue for all product listings that contained "Hydro-Boost" in the listing over the period of nearly 4 years is less than $550,000, and the total amount of profit is just under $65,000. With such a large discrepancy between the revenue and profits for the listings at issue compared to the receivables that Amazon has placed on hold, the TRO has had an outsized impact on Premium Parts. Accordingly, we will respectfully request that the Court's Order be modified to direct Amazon to unfreeze this account. Premium Parts is willing to post a bond in the amount of $65,000, its entire profits from all of the product listings at issue, until the case is resolved. This is far more than what would be awarded and thus adequately protects both Plaintiffs and Premium Parts.

For the foregoing reasons, we respectfully request that the Court deny the Plaintiffs' Letter Motion with respect to Premium Parts.

Respectfully submitted,

*Kaelyn Gustafson*

Kaelyn E. Gustafson

cc:     All counsel of record (via ECF)