USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/3/2026_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT BOSCH GMBH AND ROBERT BOSCH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Civil Action No. 26-cv-2212 |

## STIPULATED PRELIMINARY INJUNCTION ORDER

WHEREAS, the Court previously entered a Temporary Restraining Order and asset freeze order against all Defendants (respectively, "TRO" and "Asset Freeze Order") on March 20, 2026, the Court also authorized Plaintiffs to serve Defendants by electronic means (Dkt. 16);

WHEREAS, in conjunction with the TRO, the Court ordered Defendants to appear at a hearing to demonstrate good cause why a preliminary injunction should not be issued (the "Show Cause Hearing") (Dkt. 16);

WHEREAS, the Show Cause Hearing was rescheduled from April 3, 2026 at 10:00 a.m. to April 2, 2026 11:00 a.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007 (Dkt. 17);

WHEREAS, on March 27, 2026, Plaintiffs moved the Court to continue the Show Cause Hearing and extend the TRO as certain platforms have not effectuated the TRO (Dkt. 18);

1

WHEREAS, Defendant PremiumpartsWhosale aka Premium Parts Wholesale Ltd. d/b/a A-Premium ("Defendant Premium Parts Wholesale") appeared on March 27, 2026 and challenged the Plaintiffs' Motion to Continue the Show Cause Hearing and Extension of TRO (Dkt. 19);

WHEREAS, Defendant Premium Parts Wholesale met and conferred with Plaintiffs and agreed to a stipulated temporary restraining order which included a cap on the asset restraint previously implemented by the Court's TRO, which agreement was documented in a joint letter (Dkt. 23); and,

WHEREAS, Defendant Premium Parts Wholesale further met and conferred with Plaintiffs and agreed to a stipulated Preliminary Injunction, which includes a new cap on the asset restraint.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, that the injunctive relief previously granted in the TRO shall remain in place through the pendency of the above-captioned action (the "Action"), and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116(a).

IT IS HEREBY FURTHER STIPULATD AND AGREED, by and between the parties hereto, that Defendant Premium Parts Wholesale is hereby enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this Action or until further order of the Court:

a. Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any products that contain on the products or in the product listing any of the BOSCH Trademarks (defined below), including U.S. Trademark Registration Nos. 812,033; 812,075; 812,138; 1,179,992; 1,180,033; 1,226,566; 1,467,187; 1,569,353; 1,637,401; 1,641,945; 1,642,718; 2,088,521; 2,149,986; 2,295,602; 2,364,788; 2,718,833;

2,965,641; 3,078,075; 3,564,853; 3,761,323; 5,440,334; 6,965,965; 7,117,059; and 7,226,804 (collectively, the "BOSCH Trademarks"), hereinafter "Infringing Products";

b. Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the BOSCH Trademarks or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiffs or their authorized manufacturers and distributors;

c. Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. Cease and refrain from using the BOSCH Trademarks on or in connection with any seller alias that Defendant Premium Parts Wholesale may own, operate, or control on any Marketplace;

e. Cease and refrain from any and all use of the BOSCH Trademarks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by Defendant Premium Parts Wholesale on any Marketplace; and;

f. Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace.

IT IS HERBY FURTHER STIPULATED AND AGREED, by and between the parties hereto, that:

1.  The asset freeze implemented by the previous TRO is capped at $200,000 for Defendant Premium Parts Wholesale Ltd. d/b/a A-Premium. Any surplus of frozen funds beyond this amount is released to Defendant Premium Parts Wholesale.

    a.  Plaintiff shall serve this Order upon the applicable Financial Institutions, such as Amazon.com, Inc., PayPal, Inc., Payoneer, Inc., Ping Pong Global Solutions Inc., Coinbase Global, Inc., and eBay (collectively, the "Financial Institutions") within 24 hours of issuance by the Court.

    b.  Within five days of receipt of this Order, the Financial Institutions shall release all frozen funds to Defendant Premium Parts Wholesale in excess of $200,000.

2.  The Court's previous TRO, Asset Freeze Order, and Order to Show Cause, Dkts. 16, 17, and 25 as they relate to Defendant Premium Parts Wholesale, is dissolved and is replaced by this Stipulated Preliminary Injunction Order, which is hereafter in effect.

IT IS HEREBY FURTHER STIPULATED AND AGREED, by and between the parties hereto, that Defendant Premium Parts Wholesale expressly reserves, and enters into this Stipulated Preliminary Injunction without prejudice to, all of its rights, remedies, and defenses to the claims asserted against it, including but not limited to those relating to jurisdiction, venue, and failure to state a claim upon which relief can be granted.

IT IS HEREBY FURTHER STIPULATED AND AGREED, by and between the parties hereto, that signatures to this Stipulated Preliminary Injunction transmitted electronically or by facsimile shall be deemed as originals for the purposes of this Stipulated Preliminary Injunction.

*Signature Page Follows*

Dated: New York, New York
April 2, 2026


FRIEDMAN KAPLAN SEILER                          WHITEWOOD LAW PLLC
        ADELMAN & ROBBINS LLP

*Local Counsel*

By: /s/ Kaelyn E. Gustafson                     By: /s/ Shengmao Mu
Andrew M. Englander                             Shengmao Mu
Kaelyn E. Gustafson                             57 West 57th Street, 3rd and 4th Floors
7 Times Square Floor 28                         New York, New York 10019
New York, New York 10036                        smu@whitewoodlaw.com
Tel: (212) 833-1100
aenglander@fklaw.com                            *Attorneys for Plaintiffs*
kgustafosn@fklaw.com

TAFT STETTINIUS & HOLLISTER LLP

Aaron P. Bradford (*pro hac vice*
forthcoming)
Samantha Picans (*pro hac vice* forthcoming)
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202

*Attorneys for Defendant Premium Parts
Wholesale, Ltd.*



**SO ORDERED**

April 3, 2026


_____
HON. GREGORY H. WOODS

5

## SCHEDULE A

| Doe No. | Seller Alias | Platform | Seller ID |
|---------|--------------|----------|-----------|
| 49 | PremiumpartsWhosale | Amazon | A31B1NF333K7B |